IxPEATROSS, Judge.
In this worker’s compensation action, Service Tool Co., Inc. and Louisiana Workers’ Compensation Corporation appeal from a partial summary judgment in which the Office of Workers’ Compensation Hearing Officer found claimant Gary Backest entitled to supplemental earning benefits for 15 months. We amend to reflect a corrected stipulation by the parties and affirm as amended.
FACTS
Gary Backest is employed as a tool salesman for Service Tool Company, Inc. (“Service.”) On June 26,1993, he injured his back *621 while lifting samples out of the trunk of his car. Backest has not missed any time from work, but he has suffered a loss in production. His loss in production is attributed to his inability to carry as many sample tools and to drive as long between stops as he could before the accident. Backest is a commission-only salesman, therefore, this loss of production has resulted in a reduction in wages.
Backest filed a claim for supplemental earnings benefits (“SEB”). Louisiana Workers’ Compensation Corporation (“LWCC”), the worker’s compensation carrier for Service, began paying SEB. LWCC calculated the post-injury wages using a formula which differs from the formula used to calculate the pre-injury wages. Backest filed a motion for a partial summary judgment asking the Office of Workers’ Compensation Administration to rule that, as a matter of law, when post-injury wages consist entirely of commissions, they should be calculated by the formula prescribed by statute to be used in calculating pre-injury wages. The Hearing Officer agreed and rendered a partial summary judgment to that effect on April 4, 1996 [1]
^Finding no manifest error in the Worker’s Compensation Hearing Officer’s ruling, we amend and affirm as amended.
DISCUSSION
Appellants, Service and LWCC, argue that the hearing officer erred in the calculation of post-injury earnings in determining Back-est’s entitlement to SEB. They make the following assignments of error: (1) the hearing officer’s finding that the law was silent on the subject of the determination of post-injury wages; (2) the hearing officer’s ruling on Backest’s entitlement to SEB based upon equity; (3) the hearing officer’s failure to follow the rules of statutory interpretation as outlined in the Louisiana Civil Code; and (4) the hearing officer’s determination that Backest was entitled to SEB for 15 months.
An employee is entitled to the recovery of SEB if, as a result of work-related disability, he is unable to earn at least 90% of his pre-injury wage. The determination of the amount of SEB payments due an injured worker is governed by LSA-R.S. 23:1221(3)(a) and (b), which read, in pertinent part, as follows:
(a) For injury resulting in the employee’s inability to earn wages equal to ninety per cent or more of wages at time of injury, supplemental earnings benefits equal to sixty-six and two-thirds percent of the difference between the average monthly wages at time of injury and average monthly wages earned or average monthly wages the employee is able to earn in any month thereafter .... Average monthly wages shall be computed as four and three-tenths times the wages as defined in R.S. 23:1021(10).
(b) For purposes of Subparagraph (3)(a), of this Paragraph, the amount determined to be the wages the employee is able to earn in any month shall in no case be less than the sums actually received by the employee, including, but not limited to, earnings from odd-lot employment, sheltered employment, and employment while working in any pain, (emphasis added)
|aThe above-quoted statute refers to R.S. 23:1021(10) for the definition of the average weekly wage. Since Backest is a salesman paid only on commission, subsection LSA-R.S. 23:1021(10)(d) is applicable to Backest and reads, in pertinent part, as follows:
(10) ‘Wages” means average weekly wage at the time of the accident.
The average weekly wage shall be determined as follows:
(d) Other wages. If the employee is employed on a unit, piecework, commission, or other basis, his gross earnings *622 from, the employer for the twenty-six week period, immediately preceding the accident divided by the number of days the employee actually worked for the employer during said twenty-six week period and multiplied by four, .... (emphasis added)
As LSA-R.S.23:1221(3)(a) states, to determine entitlement to SEB, a comparison is to be made of the “the average monthly wages at time of injury” and the “average monthly wages earned or average monthly wages the employee is able to earn in any month thereafter.” The statute further indicates that “average monthly wages” shall be computed as four and three-tenths times the wages as defined in R.S. 23:1021(10). In calculating SEB in most instances, the comparison is not problematic, because actual pre-injury wages can be compared to actual post-injury wages. In cases such as this one, however, which require the calculation of SEB for a worker paid by commission, difficulties arise because, while the above-mentioned statute provides a definition of “average monthly wages” for pre-injury earnings, no definition of post-injury “average monthly wages” is provided for workers in that category.
Appellants argue that the law is not silent on the subject of post-injury earnings, but that in the determination of entitlement to SEB the legislative intent was that the actual gross post-injury earnings of the claimant be compared to ninety percent of the statutorily-defined pre-injury “average monthly wage” of the claimant. They argue that while the language “average monthly wages at the time Uof the injury” is statutorily defined in LSA-R.S.23:1021(10), the language “average monthly wages earned or average monthly wages the employee is able to earn in any month thereafter” was purposely given no definition by the legislature. Appellants further argue that the effect of the method adopted by the Hearing Officer, to calculate post-injury earnings in the same manner as pre-injury earnings, is to reduce Backest’s monthly income below the amount he actually earned, contrary to the only reasonable interpretation of LSA-R.S. 23:1221(3)(b).
Baekest counters that the amount determined to be the pre-injury “average weekly wage , as defined by statute, is significantly lower than his actual gross pre-injury earnings. He argues, therefore, that to compare the pre-injury “average weekly wage” as defined by statute to the actual gross earnings post-injury is to compare “apples to oranges.” Such a comparison, Baekest urges, is contrary to well settled principles of worker’s compensation law, which require the laws to be liberally construed in favor of the injured employee. He contends that the law is silent on the subject of the calculation of post-injury wages and that the hearing officer’s approach was a fair and reasonable interpretation of the law. He further argues that LSA-R.S. 23:1221(3)(b), when read in pari materia with the rest of the Act, is meant to defeat abuse in a situation in which an injured worker is actually being paid more than he is capable of earning and does not reflect a legislative intent to have actual post-injury wages used in the calculation of SEB.
It is well established that the workers’ compensation act is remedial in nature. Pinkins v. Cardinal Wholesale Supply, Inc., 619 So.2d 52 (La.1993). In order to effectuate the humane policies it reflects, the law is to be liberally construed in favor of the injured employee. Pinkins, supra; Glascock v. Georgia-Pacific Corp., 25,677 (La.App. 2 Cir. 3/30/94), 635 So.2d 474. An appellate court may not overturn a judgment of a hearing officer absent an error of law or a Isfactual finding which is manifestly erroneous or clearly wrong. Fontenot v. Trans Gulf, Inc., 95 0342 (La.App. 1 Cir. 11/9/95), 664 So.2d 1238.
This court has never before squarely addressed the issue of the method to be used in calculating post-injury earnings of a commission-type worker. In Brown v. Vernon Sawyer, Inc., this court addressed the issue of whether, in arriving at a claimant’s gross earnings, the claimant’s actual expenses should be deducted from the gross amount of compensation the claimant received. Brown v. Vernon Sawyer, Inc. 25,959 (La.App.2d Cir. 10/26/94), 645 So.2d 260. This court held that the expenses should be deducted from both the pre-injury and post-injury gross earnings. The claimant’s gross receipts were used as the basis for the calculation of post- *623 injury wages; however, because the claimant did not dispute that portion of the calculation, the instant issue was not before us. Brown, supra.
We have concluded that the legislature’s attempt to define the method of calculation of SEB for commission workers leaves much to be desired by the Workers’ Compensation Hearing Officers and the courts, and by employers and employees in the respective positions of Service and Backest. While we base our decision on our interpretation of the above-mentioned statutes, we note that the method employed by the Hearing Officer allows a comparison of “apples to apples” by calculating both the pre-injury wages and the post-injury wages in the manner statutorily required for the determination of the pre-injury “average weekly wage.” Since the question is one of statutory interpretation, we shall attempt to further explain our application of the accepted rules of statutory interpretation to the statutes under consideration.
ANALYSIS
Considering the applicable statutes together and fairly construing and giving meaning to each subpart, we reach the following conclusions regarding the calculation of post-injury average monthly wages for a worker paid by 16Commission. R.S. 23:1221(3)(a) states that pre-injury average monthly wages shall be compared to the “average monthly wages earned or average monthly wages the employee is able to earn” (emphasis added). To accept the defendant’s argument that actual monthly wages should be used would be to give no meaning to the usage of the word “average” in the statute. R.S. 23:1221(3)(a) also states that “Average monthly wages shall he computed as four and three-tenths times the wages as defined in R.S. 23:1021(10)” (emphasis added). This statement is further indication that the legislature intended a definition to be given and a process of computation to occur for the average monthly wage determination. To use actual wages earned would give no effect to this indication of intent.
Our examination of R.S. 23:1221(3)(a) and (b) in pari materia persuades us that, contrary to defendants’ argument, subsection (b) is not applicable to the instant situation. Subsection (a) speaks of a comparison between pre-injury wages and the “average monthly wages earned or average monthly wages the employee is able to earn.” Subsection (b) states that, for purposes of subsection (a), “the amount determined to be the wages the employee is able to earn in any month shall in no case be less than the sums actually received ...” (emphasis added). In the instant case, Backest’s claim for SEB is based upon an amount derived from the wages he has earned, not an amount derived from wages claimed to be that- which he is “able to earn.” Since subsection (b) refers to “the amount determined to be the wages the employee is able to earn,” and Backest is claiming SEB based upon an amount derived from the wages he earned, subsection (b) does not apply to the instant case.
CONCLUSION
As we have explained, both Backest’s pre-injury and post-injury wages must be computed by the method of calculation prescribed for the pre-injury average weekly wage in R.S. 23:1021(10)(d). As stipulated by the parties, | yBackest’s pre-injury average monthly wage equals $2,496.41 and ninety percent of that amount equals $2,246.77. Backest is therefore entitled to SEB for any month in which he earned less than $2246.77. The Hearing Officer based his calculations on an earlier erroneous stipulation of Backest’s pre-injury “average weekly wage,” rather than the corrected stipulation of $680.56. While we affirm the method of calculation used by the hearing officer to determine Backest’s eligibility for SEB, we amend his determination to reflect the subsequent, cor-of Backest’s “average reeted stipulation weekly wage.”
Gross Average
Amount Monthly Benefits
Month Earned Wage Due
7/93 $2,390.12 $1,868.61 $418.49
8/93 2,917.57 2,281.06 NONE
9/93 2,241.47 1,752.51 495.88
10/93 2,718.25 2,226.37 180.01
11/93 3,367.25 2,632.63 NONE
12/93 2,420.22 2,312.71 NONE
1/94 1,960.16 1,605.45 593.91
2/94 1,622.50 1,395.44 733.91
*624 Gross Average
Amount Monthly Benefits
Month Earned Wage Due
3/94 $2,461.44 $1,840.74 $437.07
4/94 2,582.67 2,115.26 254.07
5/94 3,491.37 5,004.34 NONE
6/94 2,256.64 1.617.32 586.00
7/94 2,395.46 3.433.46 NONE
8/94 3,038.69 3,074.50 NONE
9/94 2,338.80 1.828.53 445.21
10/94 4,183.87 3,426.76 NONE
11/94 2,287.39 1,967.16 352.80
12/94 2,636.56 2.519.46 NONE
1/95 1,806.48 1.479.54 677.85
2/95 2,246.35 1,931.90 376.30
3/95 2,675.49 2,000.88 330.32
4/95 2,794.13 2,403.01 NONE
5/95 3,671.08 2,745.29 NONE
6/95 2,555.84 1,998.12 332.16
7/95 4,016.11 3.289.33 NONE
8/95 3,238.95 2,422.10 NONE
9/95 2,954.68 3,176.32 NONE
10/95 5,586.19 4.367.42 NONE
11/95 3,320.11 3,005.53 NONE
12/95 3,119.65 3,353.66 NONE
1/96 1,941.16 1.669.43 551.26
2/96 3,343.79 3,027.03 NONE
As defendant has made some SEB payments to Backest, the total amount due as shown above is subject to a credit for all sums previously paid. All future benefits due, if any, are to be computed by dividing the gross receipts in any month by the number of days worked in that month. That dividend is then to be multiplied by four to determine the weekly wage and by four and three-tenths to determine the monthly wage. That result should then be compared to the average monthly wage, $2,496.41, to determine whether or not Backest earned at least 90% of his pre-injury wage, $2,246.77. In months that Backest earns less than $2,246.77, as computed above, he shall be entitled to benefits of 66 2/3% of the difference in his earnings and his pre-injury average monthly wage.
For the foregoing reasons, we amend and affirm as amended.
AMENDED AND AFFIRMED AS AMENDED.

. The Hearing Officer’s judgment stated that the judgment was rendered in open court on February 26, 1996, and signed on April 4, 1996. At the hearing on April 4, 1996, however, the hearing officer noted that confusion existed regarding whether a ruling had been made on February 26, 1996. To eliminate further confusion, the hearing officer ordered Ae parties to arrive at an agreed-upon judgment. The parties were unable to do so, Aerefore, Ae hearing officer rendered judgment and signed a partial summary judgment that erroneously stated Aat Ae judgment was rendered on February 26, 1996. This error was noted by Ae judge at the time of signing.